# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:08-CV-287-RJC-DCK

| | |
|---|---|
| **PELYN TRUST,** | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| **FAIR EXCHANGE TRUST, LESLIE E. STRONG, and EUROPEAN CREDIT AND TRUST,** | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Intervene Of National Nursing Review PPS Trust And Christopher M. Smith" (Document No. 5) and the "Motion To Intervene Of Vernon Crump" (Document No. 6), filed July 23, 2008; and Plaintiff's "Response To Motions To Intervene..." (Document No. 13), filed August 4, 2008. The Defendants have not filed a response to the motions to intervene and the time to do so has lapsed. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for review. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will grant the motions to intervene.

The movants seek permissive intervention pursuant to Federal Rule of Civil Procedure 24(b) which provides in pertinent part that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. Fed.R.Civ.P. 24(b). "Permissive intervention, as the term implies, is not automatic, but rather left to the sound discretion of the court." Bassett Seamless Guttering, Inc. v. GutterGuard, LLC, No.

1:05CV00184, 2007 WL 2079718 at *2 (M.D.N.C. July 13, 2007) citing <u>Virginia v. Westinghouse Elec. Corp.</u>, 542 F.2d 214, 216 (4th Cir.1976). When determining whether intervention is appropriate, "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." <u>Id.</u> quoting Fed.R.Civ.P. 24(b).

In this action, the movants' motions appear timely and assert claims which share common questions of law and fact with the main action. Furthermore, Plaintiff has filed a response in support of the motions to intervene which states that "Pelyn Trust, further concedes that the intervention of Smith, Crump and PPS Trust will accommodate judicial economy and will not prejudice either the Plaintiff or the Defendants if intervention is timely granted." (Document No. 13 at 2). As stated above, Defendants have failed to respond to the motions to intervene.

Based on the foregoing, and without expressing any opinion on the merits of the claim, the undersigned finds that motions should be granted pursuant to Fed.R.Civ.P. 24(b).

**IT IS, THEREFORE, ORDERED** that the "Motion To Intervene Of National Nursing Review PPS Trust And Christopher M. Smith" (Document No. 5) and the "Motion To Intervene Of Vernon Crump" (Document No. 6) are **GRANTED**.

Signed: August 13, 2008

David C. Keesler
United States Magistrate Judge