UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:08-cv-287-RJC

| PELYN TRUST, | ) |
| --- | --- |
| Plaintiff, | ) |
| NATIONAL NURSING REVIEW, PPS TRUST, CHRISTOPHER M. SMITH, and VERNON CRUMP, | ) ORDER |
| Intervening Plaintiffs, | ) |
| vs. | ) |
| FAIR EXCHANGE TRUST, LESLIE STRONG, and EUROPEAN CREDIT and TRUST, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 8), Plaintiff's Motion for Clarification of the Motion for Default Judgment (Doc. No. 10), Intervening Plaintiffs National Nursing Review PPS Trust and Christopher Smith's Motion for Default Judgment (Doc. No. 15), and Intervening Plaintiff Vernon Crump's Motion for Default Judgment (Doc. No. 20). For the reasons explained below, Plaintiff's Motion for Default Judgment is **GRANTED,** Plaintiff's Motion for Clarification is **GRANTED**, and Intervening Plaintiffs' Motions for Default Judgment are **GRANTED.**

I.  BACKGROUND

Plaintiff Pelyn Trust and Intervening Plaintiffs National Nursing Review PPS Trust, Christopher Smith, and Vernon Crump brought allegations against the Defendants Fair Exchange Trust, Leslie Strong, and European Credit and Trust of common law fraud, misrepresentation,

concealment, breach of contract, and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq. ("RICO"). The Clerk entered default on July 30, 2008. (Doc. No. 9). Plaintiff and Intervening Plaintiffs filed Motions for Default Judgment.

## II. DISCUSSION

"To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)." Hayhurst v. Liberty Int'l Underwriters, No. 5:08cv5347, 2009 U.S. Dist. LEXIS 5347, at *2 (N.D. W. Va. Jan. 29, 2009); see Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06cv264, 2006 U.S. Dist. LEXIS 41054, at *14 (E.D. Va. June 20, 2006) ("The entry of default is a procedural prerequisite to the entry of a default judgment."). Rule 55(a) states that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After the clerk enters default, the party may seek a default judgment under Rule 55(b)(1) or (2), depending on the nature of the relief sought. Rule 55(b) "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

Defendants have not appeared in this case. Defendants were properly served process. The Defendants are not minors, incompetent persons, or current members of the military service. The Clerk entered default judgment. The Court conducted a default judgment hearing pursuant to Rule 55(b) on July 28, 2009.

### A. Pelyn Trust

After considering the briefs submitted in connection with these motions along with the arguments made at the hearing, the Court grants Plaintiff's Motion for Default Judgment and

orders that:

1. Default judgment be entered against the Defendants, jointly and severally, in the amount of $3,000,000. Such amount shall be trebled pursuant to RICO.

2. Prejudgment interest shall be awarded pursuant to the Waiver and Release Agreement in the amount of $450,000 for the fraud occurring before April 12, 2008. From April 12, 2008, the date of the Defendants' breach of the Waiver and Release, until the date of judgment, prejudgment interest shall be awarded with at an 8% interest rate. The judgment shall bear interest at the rate of 8% from the date of judgment until paid.

3. Attorneys fees shall be awarded in the amount of $50,000.

**B.     National Nursing**

After considering the briefs submitted in connection with these motions along with the arguments made at the hearing, the Court grants National Nursing's Motion for Default Judgment and orders that:

1. Default judgment be entered against the Defendants, jointly and severally, in the amount of $500,000. Such amount shall be trebled pursuant to RICO.

2. Prejudgment interest shall be awarded in the amount of $55,000. The judgment shall bear interest at the rate of 8% from the date of judgment until paid.

3. Attorneys fees shall be awarded in the amount of $517,815.

**C.     Vernon Crump**

After considering the briefs submitted in connection with these motions along with the arguments made at the hearing, the Court grants Vernon Crump's Motion for Default Judgment and orders that:

1.  Default judgment be entered against the Defendants, jointly and severally, in the amount of $500,000. Such amount shall be trebled pursuant to RICO.

2.  Prejudgment interest shall be awarded in the amount of $55,000. The judgment shall bear interest at the rate of 8% from the date of judgment until paid.

3.  Attorneys fees shall be awarded in the amount of $517,815.

III. **CONCLUSION**

**IT IS THEREFORE ORDERED** that:

1.  Plaintiff's Motion for Default Judgment (Doc. No. 8) is **GRANTED**;

2.  Plaintiff's Motion for Clarification (Doc. No. 10) is **GRANTED**; and

3.  Intervenor Plaintiffs' Motions for Default Judgement (Doc. Nos. 15, 20) are **GRANTED**.

Signed: September 3, 2009

Robert J. Conrad, Jr.
Chief United States District Judge